Old Oaks Country Club, Inc. v State of New York (2024 NY Slip Op 51623(U))

[*1]

Old Oaks Country Club, Inc. v State of New York

2024 NY Slip Op 51623(U)

Decided on October 25, 2024

Court Of Claims

Rivera, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 25, 2024
Court of Claims

Old Oaks Country Club, Inc. Claimant(s)

against
The State of New York, Defendant(s)

Claim No. 136299

Claimant's attorney:
MC CULLOUGH, GOLDBERGER & STAUDT, LLP
By: James R. Anderson, Esq.
Robert W. Cushing, Esq.
Patricia Gurahian, Esq.
Defendant's attorney:
HON. LETITIA JAMES
Attorney General for the State of New York
By: Rachel Zaffrann, Deputy Assistant Attorney General

Walter Rivera, J.

The following papers numbered 1-6 were read and considered by the Court on the State's motion for summary judgment dismissing the claim and oral argument was heard by the Court on October 22, 2024:
Notice of Motion, Attorney's Supporting Affirmation, Affidavit of Sean Connolly and Exhibits 1
Attorney's Affirmation in Opposition, Affirmation of Truth of Statement in Opposition of Jason Anderson and Exhibits 2
Claimant's Letter Memorandum of Law dated July 10, 2024 3
Defendant's Letter Memorandum of Law dated July 12, 2024 4
Claimant's Letter Memorandum of Law dated July 19, 2024 5
Defendant's Letter Memorandum of Law dated July 19, 2024 6
Background
Notice of Intention to File a Claim
A Notice of Intention to File a Claim was served upon the State on May 6, 2020 (State's Ex. D). The Notice of Intention to File a Claim alleges negligence and trespass by State University of New York at Purchase (SUNY Purchase). It is alleged that SUNY Purchase allowed the runoff of contaminated soil and sediment onto the property located at 3100 Purchase Street, Purchase, New York, which is owned by claimant, Old Oaks Country Club, Inc. (Old Oaks). The runoff allegedly damaged Old Oaks' property and the ponds on the property (id.). The runoff allegedly occurred "from on or about April 2019 through on or about at least February 4, 2020, and likely until March 31, 2020" (id. at ¶ 2). It is further alleged that the runoff and damages were ongoing through March 31, 2020 (id. at 4). 
The Notice of Intention to File a Claim further alleges that on or about February 4, 2020, a representative of SUNY Purchase indicated that it had ongoing construction designed to excavate and replace large sections of damaged underground piping and that, upon information and belief, SUNY Purchase had replaced or wrapped 350 feet of piping and had created two sediment basins to remedy the ongoing runoff and damage to Old Oaks' property (id. at 2). On or [*2]about February 4, 2020, the efforts to stop the runoff were substantially completed and SUNY Purchase intended to complete a two-part study of the sufficiency of its newly created retention basins by the end of February 2020. It is further alleged that SUNY Purchase accepted responsibility that the runoff of silt from its property was caused by its defective and damaged piping.
As a result of the alleged negligence and trespass, the ponds near the twelfth and sixth holes of Old Oaks' golf course, which ponds border SUNY Purchase, were the most affected by the bulk of the heavier silt that ran off from SUNY Purchase (id. at 5). The ponds downstream "(upper reservoir by Old Oaks' halfway house and lower main irrigation pond)" were fouled with finer particles (id.). The silt accumulation in the ponds contaminated the irrigation system and degraded the new irrigation pumps requiring the ponds to be dredged to restore them to their condition prior to the runoff and requiring the irrigation pumps to be restored. The dredging and restoration work allegedly requires, inter alia, permitting, legal fees, insurance, bonding, excavation, and safeguarding the golf course during the work, at an approximate cost of $340, 000.00.
Claim
A claim alleging negligence and trespass was subsequently filed with the Court on April 27, 2021 and served upon the State on April 30, 2021 (State's Ex. E, ¶ 3). The claim alleges that the runoff came from SUNY Purchase's property located at 735 Anderson Hill Road, Purchase, New York, and traveled onto Old Oaks' property located at 3100 Purchase Street, Purchase, New York, and its irrigation ponds. The claim, like the Notice of Intention to File a Claim, alleges that the runoff commenced "on or about April 2019" and continued "through at least March 31, 2020" (id. at 2 [a]). The claim further alleges that the "runoff continued intermittently through March 31, 2020 when SUNY Purchase completed repair and remediation to it[s] damaged underground pipes which SUNY Purchase represented was the cause of the runoff" (id. at 2 [b]). The claim also alleges that Old Oaks sustained damages to its property, including its irrigation ponds (id. at 3).
Answer
The State served and filed a Verified Answer on June 9, 2021 (Ex. F). The Verified Answer asserts the affirmative defenses of lack of jurisdiction based upon an untimely and insufficient Notice of Intention to File a Claim that did not extend the time within which to serve and file a claim. Specifically, it was asserted that the Notice of Intention to File a Claim does not set forth: a date of accrual; an adequate description of the location; a particularization of the nature of the cause of action and the State's conduct in regard thereto (id. at ¶¶ 10, 11, 12). The Verified Answer also asserts that, due to the infirmities of the Notice of Intention to File a Claim, the claim is jurisdictionally defective because it was not timely served and filed within 90 days of accrual (id. at 14, 15). Additionally, it is asserted that the claim, like the Notice of Intention to File a Claim, is jurisdictionally defective because it does not set forth: a date of accrual; an adequate description of the location; a particularization of the nature of the cause of action and the State's conduct in regard thereto (id. at 16-18).
Analysis
While the State moves pursuant to CPLR 3212 for summary judgment on the merits, the State also argues that the claim warrants dismissal on numerous jurisdictional grounds pursuant [*3]to Court of Claims Act § 10 and § 11. Accordingly, the Court will address the jurisdictional issues raised by the State before addressing the merits.
The State argues that the Notice of Intention to File a Claim, which states an accrual date of "from on or about April 2019 through on or about at least February 4, 2020, and likely until March 31, 2020," does not set forth a specific date in April of 2019 and was therefore jurisdictionally defective (Ex. D, ¶ 2). Additionally, the State argues that the Notice of Intention to File a Claim, served on May 6, 2020, is jurisdictionally defective because it was not timely served within 90 days of April 2019. Further, the State argues that since the Notice of Intention to File a Claim is jurisdictionally defective and untimely, it did not extend the time within which to serve and file a claim. Thus, the claim is alleged to be jurisdictionally defective and thereby warrants dismissal because it was not timely served and filed within 90 days of April 2019. 
The Court finds that the State's arguments are not compelling. In that regard, the Court finds that the service of the Notice of Intention to File a Claim on May 6, 2020 was timely made within 90 days of the alleged wrongdoing which was "ongoing through March 31, 2020," as set forth in the Notice of Intention to File a Claim (id. at 4).
The State also argues that the claim is untimely because the alleged harm accrued on April 29, 2019, when the SUNY Purchase construction project was completed and that the effects resulting from that one distinct wrong were ongoing. The State further argues that the ongoing effects from that one distinct wrong does not render the claim timely. In that regard, the State argues that the continuous wrong doctrine is inapplicable to the facts alleged. In support of its position, the State principally relies upon Webster Golf Club, Inc. v Monroe County Water Auth., (219 AD3d 1136 [4th Dept 2023]). 
Old Oaks, on the other hand, contends that the State's reliance on Webster is misplaced because the claim herein does not allege one distinct wrong with resulting ongoing effects. Rather, Old Oaks argues that the claim is timely because it alleges a series of independent distinct wrongs that were ongoing through March 31, 2020, when, "[u]pon information and belief, the work necessary to fix the pipes and stop the runoff was completed" by SUNY Purchase (Ex. E, ¶ 4).
In Webster (219 AD3d), a golf club operator and the property owner where the golf club operated brought suit against a neighboring property owner and the contractors who performed construction on the neighboring property. The complaint alleged, inter alia, negligence, nuisance and trespass based upon silt and/or sediment that was deposited into the ponds of the golf course by the neighboring property owner through the alleged negligent design and construction of a backwash drain pipe which reduced the capacity of the golf clubs' ponds. The defendants moved for summary judgment dismissing the complaint as untimely.
The Fourth Department held that the causes of action for defective design and construction against the "construction defendants" warranted dismissal as untimely, noting that the claims "accrued at the time the sediment was allegedly deposited into the ponds, thereby decreasing their capacity, which occurred at the latest upon the substantial completion of the construction [in September 2013]," and not when the plaintiffs first noticed the diminished stream in August 2014 (Webster, 219 AD3d at 1140).
Further, the Fourth Department rejected the application of the continuing wrong doctrine to the causes of action for nuisance and trespass against the neighboring property owner and the [*4]construction defendants, finding that "any such discharge [of silt and sediment into the ponds] was a discrete act that occurred during the construction of the water treatment facility, which was completed in September 2013" (id. at 1141). The Fourth Department noted that "[t]he doctrine may only be predicated on continuing unlawful acts and not on the continuing effects of earlier unlawful conduct," and the "distinction is between a single wrong that has continuing effects and a series of independent, distinct wrongs [citations omitted]" (id.).
In the case at bar, the alleged wrongdoing is "negligence and trespass" by SUNY Purchase in allowing contaminated runoff from the SUNY Purchase property to travel onto Old Oaks' property and into its irrigation ponds which commenced "on or about April 2019" and continued "through at least March 31, 2020 when SUNY Purchase completed repair and remediation to it[s] damaged underground pipes which SUNY Purchase represented was the cause of the runoff" (Ex. E, ¶ 2 [a], [b]; ¶ 3). The claim further alleges that on February 4, 2020, a SUNY Purchase representative acknowledged that the runoff was not due to the construction work, but instead was due to damaged and deteriorated pipes on its property and that SUNY Purchase had begun the work necessary to fix the pipes and to stop the ongoing runoff (id. at ¶ 4). The repair of the pipes was completed on or about March 31, 2020 (id.). 
The Court rejects the State's arguments that the claim alleges only one distinct wrong which accrued on April 29, 2019, when SUNY Purchase completed its construction project, and that therefore the claim warrants dismissal as untimely. Rather, the Court finds that the allegations of negligence and trespass, based upon the factual allegations of the claim, may be characterized as a series of independent, distinct wrongs (see Jefferson v New Life Tabernacle, Inc., 225 AD3d 675 [2d Dept 2024][The acts alleged of a continuous nuisance and trespass may give rise to successive causes of action pursuant to the continuous wrong doctrine]). Accordingly, the Court finds that the State failed to meet its initial burden of proving that the time within which to commence the action expired (see Fricke v Beauchamp Gardens Owners Corp., 222 AD3d 718, 719 [2d Dept 2023] [A defendant seeking dismissal on the ground that the statute of limitations has expired bears the initial burden of proving that the time within which to commence the action has expired and, if defendant satisfies that burden, then the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or was otherwise inapplicable, or whether the action was actually commenced within the applicable statute of limitations period).
The State also argues that the Notice of Intention to File a Claim is jurisdictionally defective because it does not set forth a sufficient description of the location where the alleged wrongdoing occurred on the 220 acre property of Old Oaks. The Court finds that this argument is not persuasive as the Notice of Intention to File a Claim sets forth the address of the Old Oaks property and specifies that the contaminated runoff occurred on the Old Oaks property at the "ponds near the twelfth and sixth holes of [the Old Oaks'] golf course, which ponds border SUNY [Purchase]" and were the most affected by the alleged wrongdoing (Ex. D, ¶ 5). The Notice of Intention to File a Claim also identifies the ponds downstream "(upper reservoir by Old Oaks' halfway house and lower main irrigation pond)" as being fouled with finer particles and identifies the irrigation system as having been contaminated by the silt from the ponds (id.). 
Additionally, the Court rejects the State's similar arguments that the claim is jurisdictionally defective based upon the description of the location as set forth in the claim and [*5]that the claim fails to state a cause of action alleging negligence and trespass. The Court notes that the claim alleges "negligence and trespass" by the State in the runoff that came from SUNY Purchase's property located at 735 Anderson Hill Road, Purchase, New York and traveled onto the Old Oaks property located at 3100 Purchase Street, Purchase, New York and its irrigation ponds (Ex. E, ¶ 2 [b], 3). The claim also specifies the location of the ponds as set forth in the Notice of Intention to File a Claim (id. at 6). Accordingly, the Court finds that the claim is not jurisdictionally defective and does not warrant dismissal under Court of Claims Act § 10 and § 11.
Summary Judgment
The State moves for summary judgment to dismiss the claim pursuant to CPLR 3212, arguing that the State did not commit any acts of negligence or trespass. Specifically, the State argues that the State "has not breached a duty owed to Claimant that would support liability" (Affirm. in Support, ¶ 46). As to the cause of action for trespass, the State maintains that it did not direct the flow of water though artificial means, such as pipes or drains, onto Old Oaks' property; thus, there was no "intentional entry" by SUNY Purchase to support a claim of trespass. Instead, the State argues that claimant withdrew water from the unnamed tributary "which it piped into its ponds" (id. at 50). 
In support of its position on the trespass claim, the State submits the Affidavit of Sean Connolly, the Associate Director for Capital Facilities Planning at SUNY Purchase, dated March 20, 2024. According to Connolly, a nameless tributary of Blind Brook meanders between SUNY Purchase's property and Old Oaks' adjacent property (Affidavit of Sean Connolly, ¶ 3). In 2019, Connolly investigated a complaint by Old Oaks that runoff from SUNY Purchase was flowing into the tributary (id. at 4). Connolly learned that runoff from SUNY Purchase's property was flowing into the tributary (id.). The runoff did not flow directly onto Old Oaks' property and SUNY Purchase did not direct any runoff onto Old Oaks' property through pipes or other artificial apparatus (id. at 5-6). Rather, Old Oaks installed two pipes to remove water from the tributary (Ex. B, pp 55-56, 124). The pipes travel under the Old Oaks country club and discharge water into a pond on Old Oaks' property (id. at 51-52). The State notes that Old Oaks has a water withdrawal permit authorizing water withdrawals from a well and a surface pond on Old Oaks' property for golf course irrigation, but the permit does not address or authorize withdrawals from the tributary (Ex. C).
In opposition, Old Oaks argues that the State has not met its burden on its motion for summary judgment as there are genuine issues of material fact "as to when the silting incidents stopped and whether Claimant's Notice was timely" (Attorney's Affirm. in Opposition, ¶ 13). In support of its opposition to the State's motion for summary judgment, Old Oaks submits the Affirmation of Truth of Statement of Jason Anderson, Old Oaks' Golf Course Superintendent since 2016, who regularly inspected and maintained the grounds. Anderson personally observed the silting events that began in April 2019 in the pond on the 12th hole, the pond on the 6th hole, and the halfway house pond that occurred during the construction on the SUNY Purchase property (Affirm. of Truth of Jason Anderson, ¶¶ 1-3, 6-8). During the SUNY Purchase construction, SUNY Purchase built a retention pond on its property to restrain excess water and water from the retention pond would drain into the stream that flows from the SUNY Purchase property toward the Old Oaks property (id. at 8). Anderson observed the contaminated stream [*6]coming from the retention pond on the SUNY Purchase property and notified Mike Kopus, the Senior Director of Facilities and Capital Planning at SUNY Purchase (id. at 11-14). SUNY Purchase undertook an investigation and made limited, ineffective efforts to prevent the silting events (id. at 15-16). The silting events continued unabated and intermittently through 2021 (id. at 19). In June 2022, Anderson spoke with Kopus again to report that the contaminated silt was still discharging from SUNY Purchase's property onto Old Oaks' property (id. at 20). The silting events continued until the summer of 2022, when the construction of the retention pond on the SUNY Purchase property was completed (id. at 21). 
Summary judgment is a drastic remedy which should not be granted unless it is made clear by the proponent of the application that there are no genuine issues of material fact (see Andre v Pomeroy, 35 NY2d 361, 364 [1974]). The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law by tendering sufficient evidence to demonstrate the absence of any material issues of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). "Failure to make such [a] prima facie showing requires a denial of the motion regardless of the sufficiency of the opposing papers" (Alvarez, 68 NY2d at 324; see Winegrad, 64 NY2d at 853).
Upon the Court's careful review of all the papers before the Court and the oral arguments made by counsel, the Court finds that the State has failed to meet its burden of establishing entitlement to judgment as a matter of law dismissing the claim pursuant to CPLR 3212. In that regard, the Court finds that there are genuine issues of material fact as to the cause of the contaminated runoff onto Old Oaks' property, which preclude the Court from making such determination on the papers presented.
Accordingly, the State's motion for summary judgment dismissing the claim is DENIED.